UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ALTAUNE BROWN,

                                        Plaintiff,                     **COMPLAINT**

            -against-                             *Civil Action No.*

CEE & CEE DEPARTMENT STORE INC.               1:22-cv-10452
AND NEVADA REAL ESTATE CO., INC.,

                                        Defendants.

-------------------------------------------------------- X

Plaintiff, ALTAUNE BROWN, ("Plaintiff"), by and through his counsel, The Marks Law Firm, P.C., hereby files this Complaint and sues CEE & CEE DEPARTMENT STORE INC., a domestic business corporation, and NEVADA REAL ESTATE CO., INC. a domestic limited liability company, both registered in the State of New York, (hereinafter collectively "Defendants"), for a) injunctive relief, b) compensatory relief, and c) attorney fees and costs pursuant to 42 U.S.C. 12181, et. Seq., of the Americans with Disabilities Act ("ADA"), the New York Human Rights Law ("NYCHRL"), and the New York State Human Rights Law ("NYSHRL") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the ADA, 42 U.S.C. § 12181, et. Seq. This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §1343.

2. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) in that all events giving rise to this lawsuit occurred in the State of New York.

3. The violative Premises and the events giving rise to this lawsuit is located at 331 East Fordham Road, Bronx, NY 10458 (hereinafter "Premises"). It should be noted, that the subject of the instant action is the

4. Venue is proper in this Court as the premises is located in the State of New York, County of Bronx.

5. The Defendants CEE & CEE DEPARTMENT STORE INC. and NEVADA REAL ESTATE CO., INC. are each authorized to conduct and are conducting business within the State of New York.

6. Upon information and belief, CEE & CEE DEPARTMENT STORE INC. is the lessee and/or operator of the real property, and the owner of the improvements where the Premises is located which is the subject of this action. Defendant also maintains and controls the Premises.

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, Defendants' Premises is a place of public accommodation in that it is an establishment which provides goods and services to the public.

8. Upon information and belief, NEVADA REAL ESTATE CO., INC. is the owner, lessor and/or operator and managing agent of the real property where the Premises is located, which is the subject of this action, which also maintains and controls the Premises.

9. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the building and/or Premises which is the subject to this action is a public accommodation covered by the ADA and which must be in compliance therewith.

10. The remedies provided by the NYSHRL against discrimination are not exclusive and state administrative remedies need not be exhausted in connection with suits brought under the Federal Civil Rights Act.

11. At the time of each of Plaintiff's visits to the Premises, and prior to the instant action, Plaintiff was, and still is, a resident of the City and State of New York. Plaintiff is a paraplegic, which constitutes a "qualified disability" under the ADA of 1990. Plaintiff uses a wheelchair for mobility.

12. On August 1, 2022, Plaintiff, who was shopping with his girlfriend, last attempted to enter Defendants' Premises, which is a few miles from his home to patron the Premises (which sells various home products and is known for its unique and affordable prices) and purchase a short wooden table and air conditioning units for his apartment. However, because of the architectural barriers at the entrances of the store, such as, inter alia the inaccessible isles, merchandise and multiple steps inside the Premises and inaccessible aisles, Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facilities at Defendants' Premises, which is subject to this instant litigation.

13. Plaintiff is routinely in the neighborhood hanging out with his children and girlfriend, the accessible gym, exploring the neighborhood, going to events and shopping at various department stores that offer affordable prodcuts to find good deals on items that he needs for his home and kids. Plaintiff has shopped at the Premises in the past, and never been able to access the other floors or certain isles to purchase affordable home goods, but continues to be denied access each time due to stairways inside the Premises and registers, and merchandise and therefore suffered an injury in fact. Plaintiff is currently deterred from going to the Premises based on his knowledge of the barriers that exists and intends on immediately returning to the Premises once the barriers are removed and the Premises is ADA compliant. Plaintiff had severe difficulty in purchasing the home goods items that he wanted, which made his shopping experience very

stressful. Furthermore, Plaintiff was forced to watch his girlfriend walk into and throughout the Premises with ease, while he was struggling to navigate the Premises.

14. Defendants' violations impede upon Plaintiff's, and other similarly situated disabled individuals' right to travel free of discrimination.

## COUNT I - VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

15. The ADA prohibits discrimination on the basis of disability. The Act guarantees reasonable accommodations for individuals with disabilities to ensure they are not the subject of discrimination.

16. The ADA and 2004 ADA/ABA Accessibility Guidelines for Buildings and Facilities (36 CFR Part 1191, Appendices B and C) along with 28 CFR Part 36, Subpart D, the New Construction and Alterations portion of Title III (all hereinafter referred to as the "2010 Standards" or "Accessibility Standards") dictate that property owners and operators of commercial premises being used as "commercial establishments" are responsible for complying with these Federal Accessibility Standards.

17. The Plaintiff is informed and believes, and therefore alleges that the Premises has begun operations and/or undergone substantial remodeling, repairs and/or alterations since January 26, 1990.

18. Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others that are similarly situated, by denying full and equal access to and full and equal enjoyment of goods, services, facilities, privileges, advantages, and/or accommodations at Defendants' Premises, in violation of these Accessibility Standards.

19. The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Defendants' Premises.

20. Plaintiff visited Defendants' Premises with the intention of utilizing Defendants' facilities, but was denied access to the Premises, and therefore suffered an injury in fact. In addition, Plaintiff continues to reside in the City and State of New York and continues to desire to visit the Premises in the future, but will suffer future harm in that he is unable to access the Premises and continues to be discriminated against due to the architectural barriers which remain at the Premises, all in violation of the ADA, and New York State and City Human Rights Law.

21. Pursuant to the mandates of 42 U.S.C. §12134(a), On July 26, 1991, the Department of Justice, Office of Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the American with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

22. The Defendants' Premises is in violation of 42 U.S.C. §12181 et. Seq., ADA and the 2010 Standards, and is discriminating against the Plaintiff as a result of inter alia the following specific violations:

    i. The service payment counters are inaccessible and are in violation of section 402 of the 2010 ADAAG standards.

    ii. Required accessible check-out/service counters are not provided in violation of sections 227 and 904 of the 2010 ADAAG standards.

    iii.      Required directional and information signage are not provided in violation of section 216 of the 2010 ADAAG standards.

    iv.      Inaccessible self-service shelves displaying merchandise for sale are in violation of section 308 of the 2010 ADAAG standards.

    v.      Failure to provide accessible routes to all levels of the facility violates sections 206 and 402 of the 2010 ADAAG standards.

    vi.      Non-compliant existing handrails exist at the stairs leading to the service payment counter and apparel sales area which are in violation of sections 504 and 505 of the 2010 ADAAG standards.

    vii.      Failure to provide access to all levels of the store.

    viii.      Defendants fail to adhere to policies, practices and procedures to ensure that all facilities are readily accessible to and usable by disabled individuals.

23.    Upon information and belief, there are other current violations of, inter alia, the ADA at Defendants' Premises, and only once a full inspection is done can all said violations be identified.

24.    To date, the architectural barriers and other violations of the ADA still exist, the removal of which is readily achievable and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA or to create access to the Premises.

25.    Pursuant to ADA, 42 U.S.C. §1201 <u>et. Seq.</u> and the Accessibility Standards, the Defendants were required to make the Premises, a place of public accommodation, accessible to person with disabilities since January 28, 1992. To date, the Defendants have failed to comply with this mandate.

26. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff injunctive relief; including an order to alter the Premises to make them readily accessible to, and useable by, individuals with disabilities to the extent required by ADA, and order the closing of the Subject Facilities until the requisite modifications are completed.

**COUNT II – VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW**

27. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained hereinabove in paragraphs "1" through "26" inclusive of this Complaint with the same force and effect as if hereinafter set forth at length.

28. The New York City Human Rights Law provides:

   a. It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived…disability…of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof…to the effect that any of the accommodations, advantages, facilities and or denied to any person on account of…disability…

      NYC Admin. Code §8-107(4)(a).

29. Defendants are in violation of the New York City Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Premises.

30. The Defendants' unlawful discriminatory conduct constitutes willful and wanton violations of the Administrative Code for which Plaintiff is entitled to an award of punitive damages. Admin. Code §8-502.

**COUNT III – VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW**

31. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained hereinabove in paragraphs "1" through "30" inclusive of this Complaint with the same force and effect as if hereinafter set forth at length.

32. The New York State Human Rights Law provides:

    a. It shall be unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation…because of the…disability…of any person, directly, or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities, or privileges thereof…to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of…disability…

    NYS Exec. Law §296 (2)(a).

33. Defendants' Premises is a place of public accommodation as defined in the New York State Human Right Law.

34. The Defendants have further violated the New York State Human Rights Law by being in violation of the rights provided under the ADA.

35. Defendants are in violation of the New York State Human Rights law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Premises.

## **PRAYER FOR RELIEF**

36. The Plaintiff demands compensatory damages in an amount to be determined by proof, including all applicable statutory damages and fines, for violations of their civil rights under New York State Human Rights Law and City Claw, including compensatory damages contemplated by §297(4)(c).

37. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the Premises to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, the New York City Human Rights Law, and the New York State Human Rights law, and closing the Subject Facilities until the requisite modifications are completed.

38. Plaintiff's reasonable attorneys' fees, expenses, and costs of suit as provided by state and federal law;

WHEREFORE, the Plaintiff hereby demands judgment against the Defendants joint and severally and requests the following injunctive and declaratory relief:

    a. The Court declares the Premises owned, operated, leased, controlled, and/or administered by the Defendants are in violation of the ADA, the New York City Human Rights Law, and of the New York State Human Rights Law;

    b. The Court enter an Order requiring the Defendants to alter their facilities and amenities to make them accessible to and usable by individuals with

disabilities to the full extent required by Title III of the ADA and by NYCHRL, and the NYSHRL;

c. The Court enter an order directing the Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time to as to allow the Defendants to undertake and complete corrective procedures to the Premises;

d. The Court award compensatory damages, including all applicable statutory damages and fines, to Plaintiff;

e. The Court award reasonable attorney fees, all costs (including but not limited to court costs, expert fees, etc.) and other expenses of suit to the Plaintiff; and

f. The Court award such other and further relief as this Court deems necessary, just and proper.

Dated: New York, New York
December 7, 2022

THE MARKS LAW FIRM, PC

By: _____
Bradly G. Marks
155 E 55th Street, Suite 4H
New York, NY 10022
T:(646) 770-3775
F: (646) 770- 2639
Brad@markslawpc.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALTAUNE BROWN,

                        Plaintiff,

    -against-

CEE & CEE DEPARTMENT STORE INC. AND NEVADA REAL ESTATE CO., INC.,

                        Defendants,

## SUMMONS AND COMPLAINT

THE MARKS LAW FIRM, PC
Attorney for Plaintiff
155 E 55th Street, Suite 4H
New York, NY 10022